**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CURTIS ROUSE,

        Petitioner,         Case Number: 17-CV-12352

v.         HONORABLE GERSHWIN A. DRAIN
        UNITED STATES DISTRICT JUDGE

THOMAS MACKIE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Curtis Rouse filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Rouse is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm while committing a felony, Mich. Comp. Laws § 750.227b. He argues that his conviction was obtained in violation of his constitutional rights because: trial counsel was ineffective, the trial court unlawfully assessed court costs and attorney fees, and he was not given the full benefit of his plea bargain. Respondent argues that the claims are meritless. The Court denies the petition.

I.     Background

Rouse's convictions arise from the robbery of Joshua White in the City of Inkster on December 11, 2012. Rouse was charged in Wayne County Circuit Court as a fourth habitual offender with armed robbery, felony firearm -- second offense, and being a felon in possession of a firearm. On July 15, 2013, he pleaded guilty to armed robbery and felony firearm. In exchange for the plea, the prosecutor's office dismissed the felon-in-possession charge, and the fourth habitual offender notice of enhancement. The plea was also subject to an agreement allowed by state law that Rouse would be sentenced to seven to twenty years imprisonment for the armed robbery conviction, and five years for the felony firearm conviction. *See People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation). On July 29, 2013, Rouse was sentenced in accordance with the *Cobbs* agreement.

Rouse moved to withdraw his guilty plea on the grounds that his attorney was ineffective, the trial court improperly assessed court costs and attorney fees, and he was not granted the full benefit of his plea bargain. The trial court denied the motion. *See* 8/22/2014 Op. & Ord., ECF No. 8-5, Pg. ID 200-11.

Rouse filed an application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Rouse*, No. 323567 (Mich. Ct. App. Feb. 10, 2015). The Michigan Supreme Court also denied leave to appeal. *People v. Rouse,* 500 Mich. 852 (Mich. Sept. 6, 2016).

Rouse then filed the pending habeas corpus petition, raising these claims:

> I. Mr. Rouse was deprived of his Fifth and Fourteenth Amendment constitutional rights to due process and his Sixth Amendment constitutional right to effective assistance of counsel when counsel failed to investigate his case.
>
> II. Mr. Rouse was deprived of his Fifth and Fourteenth Amendment constitutional rights of due process when he was unlawfully assessed court costs and attorney fees.
>
> III. Mr. Rouse was deprived of his Fifth and Fourteenth Amendment constitutional rights of due process when he was not granted his full bargain.

II. Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'

4

on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v.*

*Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

III. Discussion

    A.    Ineffective Assistance of Counsel Claim

Rouse's first claim concerns defense counsel's performance. He argues that his attorney was ineffective in failing to investigate his case. Specifically, he argues that counsel should have subpoenaed surveillance video from the Motor City Casino and video of the victim's traffic stop from several days before the robbery. Rouse maintains that counsel's failure to investigate rendered him unable to assess the strength of his defense.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if

"counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotes omitted).

In guilty plea cases, the "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003). A petitioner cannot show that he would have proceeded to trial "'merely by telling [the court] now that [he] would have gone to trial then if [he] had gotten different advice.'" *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016), quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). "'The test is objective, not subjective; and thus, to obtain relief on this type

7

of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* quoting *Pilla,* 668 F.3d at 373 (additional internal quotation omitted). In making such a determination, "[a] rational person would consider, not just the advantages of proceeding to trial (the prospect of a possible, though unlikely, lighter sentence), but also the disadvantages." *Moore v. United States*, 676 F. App'x 383, 386 (6th Cir. 2017).

Rouse's claim of ineffective assistance of counsel lacks merit. In this case, the trial court issued the last reasoned decision denying this claim. After discussing the applicable *Strickland* standard, the trial court addressed at length counsel's discovery efforts, the strength of the case against Rouse, and the overall quality of counsel's representation. *See* 8/22/2014 Op. & Ord. at 7-10, ECF No. 8-5, Pg. ID 206-09. With regard to Rouse's claim that counsel failed to subpoena video footage from the night of the robbery and police records from a traffic stop, the trial court found that the discovery issues were adequately addressed in pretrial proceedings during which defense counsel was granted an investigator to review these issues. *Id.*

Rouse also offers nothing in his petition to show that additional investigation would have yielded useful results. The robbery occurred in Inkster, Michigan, yet

Rouse sought surveillance video from a casino in the city of Detroit. He provides no offer of proof or explanation as to any relevant evidence which may have been uncovered. He also provides no justification for obtianing video from a traffic stop of the victim that took place several days before the robbery. The state court's conclusion that defense counsel performed capably is supported by the record and is not contrary to or an unreasonable application of *Strickland*. Habeas relief is denied on this claim.

B. Court Costs and Attorney Fees

In his second claim, Rouse argues that he was unlawfully assessed courts costs and attorney fees. Subject matter jurisdiction exists under § 2254 "'only for claims that a person is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. July 11, 2013), quoting *Dickerson v. United States*, 530 U.S. 428, 439 n.3 (2000); 28 U.S.C. § 2254(a). A restitution order "falls outside . . . the margins of habeas . . . because it is not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* at 773 (quotations omitted). Where a petition raises a challenge to a fee-repayment order, the district court lacks subject matter jurisdiction over that claim. *Id.* Accordingly, this claim is denied.

C. Breach of Plea Agreement Claim

9

Finally, Petitioner argues that he did not receive the full benefit of his plea bargain. Specifically, he argues that the plea agreement was violated when the trial court imposed attorney fees and other costs. The Court will deny this claim because there is no evidence that Rouse did not receive the full benefit of his plea bargain.[1]

The Michigan Court of Appeals denied this claim "for lack of merit in the grounds presented." *People v. Rouse*, No. 323567 (Mich. Ct. App. Feb. 10, 2015). The Michigan Court of Appeals' summary denial of Petitioner's claim, despite its brevity, is entitled to deference under § 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]. *Harrington*, 562 U.S. at 102. Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Rouse's claim.

---

[1] Petitioner also suggests that he was denied the full benefit of his bargain because his first attorney failed to inform him of the State's initial plea offer, which would have provided for a more lenient sentence than what he eventually accepted. *See* Dkt. No. 1, p. 25 (Pg. ID 25). To the extent Petitioner preserved this claim, he fails to demonstrate how he was induced to plead guilty in reliance on this alleged initial offer.

The clearly established Supreme Court law governing an alleged breach of a plea agreement is *Santobello v. New York*, 404 U.S. 257 (1971). In *Santobello*, the Supreme Court stated that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. During Rouse's plea hearing, the prosecution set forth the terms of the plea agreement as follows: Rouse would plead guilty to armed robbery (which carries a maximum penalty of life imprisonment), and to felony firearm, second offense (which carries a maximum penalty of five years); the state would dismiss the felon in possession charge and withdraw the habitual fourth offender notice; and Rouse would be sentenced to seven to twenty years for armed robbery, to be served consecutively to five years for felony firearm. *See* 7/15/13 Tr. at 8-9, ECF No. 8-3, Pg. ID 169-70. The trial court also asked Rouse whether anyone had promised him anything other than what was stated on the record. Rouse stated that no other promises had been made. *Id.* at 19, Pg. ID 180.

Rouse may not rely on his post-plea subjective impressions of the plea agreement to show that an agreement not to impose costs and fees was part of the plea bargain. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). To hold otherwise would "render[] the plea colloquy process meaningless, for any convict

11

who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy ... indicating the opposite." *Id.*

The Court concludes that the plea bargain was not breached. Rouse received the sentence that he bargained for and the dismissal of the felony firearm charge and habitual offender enhancement. Thus, the state appellate court's rejection of Rouse's claim for "lack of merit" was not an unreasonable application of Supreme Court precedent.

IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.** The Court finds Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

    GERSHWIN A. DRAIN
    UNITED STATES DISTRICT JUDGE

DATE:_____

DATE:_____